**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRANSACTION HOLDINGS LTD. L.L.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-43 (SLR) |
| v. ) | |
| ) | |
| IYG HOLDING CO., 7-ELEVEN, INC., ) | **JURY TRIAL DEMANDED** |
| VCOM FINANCIAL SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

**ANSWER, DEFENSES, AND COUNTERCLAIM OF DEFENDANTS IYG
HOLDING CO., 7-ELEVEN, INC., AND VCOM FINANCIAL SERVICES, INC.**

**I.   ANSWER**

Defendants IYG Holding Co., 7-Eleven, Inc., and Vcom Financial Services, Inc. (collectively "7-Eleven") hereby file their Answer, Defenses, and Counterclaim to Transaction Holdings, Ltd., L.L.C.'s ("THL") Complaint. 7-Eleven denies all allegations made in the Complaint that are not specifically admitted below.

1. Denied. Prior to the filing of this suit, on or about November 9, 2005, IYG Holding Co. was merged into 7-Eleven, Inc. and therefore no longer exists.

2. Admitted.

3. Admitted.

4. No allegations are contained within paragraph 4 of the Complaint.

5. Denied.

6. 7-Eleven admits that Plaintiff alleges a cause of action under the Patent Laws and that this Court has jurisdiction pursuant to 28 U.S.C. §1338(a).

7. 7-Eleven admits that it engages in marketing and sale of products and services within the United States. 7-Eleven denies the remaining allegations contained in paragraph 7 of the Complaint to the extent such allegations are directed to 7-Eleven

8. 7-Eleven admits that venue is proper for 7-Eleven, Inc within this judicial district. 7-Eleven denies the remaining allegations contained in paragraph 8 of the Complaint to the extent such allegations are directed to 7-Eleven

9. 7-Eleven admits that this Court has personal jurisdiction over 7-Eleven. 7-Eleven denies the remaining allegations contained in paragraph 9 of the Complaint to the extent such allegations are directed to 7-Eleven.

10. 7-Eleven admits that United States Patent No. 6,945,457 ("the `457 patent") is entitled "Automated Transaction Machine," and was apparently issued on September 20, 2005 and that a copy of the `457 patent was attached as Exhibit A to the Complaint. 7-Eleven lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint, and therefore denies all such allegations.

11. 7-Eleven admits that Transaction Holdings Ltd., L.L.C. is listed on the face of the `457 patent as the assignee. 7-Eleven is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9, and therefore denies all such allegations.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## II.    DEFENSES

16. The patents-in-suit are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

17. The patents-in-suit are invalid as anticipated and obvious in view of the prior art pursuant to 35 U.S.C. §§ 102 and 103.

18. 7-Eleven has not infringed any valid claim of the patents-in-suit.

## III.    COUNTERCLAIM FOR DECLARATORY JUDGMENT

19. This is a counterclaim for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 arising from an actual controversy between THL and 7-Eleven concerning the validity and infringement of the patents-in-suit.  This Court has subject matter jurisdiction to hear and decide this Counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. § 1338(a).

20. The patents-in-suit are invalid for failure to meet the conditions of the United States patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

21. The patents-in-suit are invalid in view of the prior art pursuant to 35 U.S.C. §§ 102 and 103.

22. 7-Eleven has not infringed any valid claim of the patents-in-suit.

## IV.    EXCEPTIONAL CASE

23. This is an exceptional case under 35 U.S.C. § 285 and, as such, 7-Eleven is entitled to recover from THL its attorneys' fees and costs incurred in connection with this action.

## **PRAYER**

7-Eleven prays that:

(a) Plaintiff's Complaint against 7-Eleven be dismissed, with prejudice, and that a take-nothing judgment be entered in favor of 7-Eleven;

(b) Judgment be entered declaring that the `457 patent is invalid, and that 7-Eleven has not infringed such patents;

(c) Judgment be entered that this is an exceptional case and 7-Eleven is entitled to an award of its attorneys' fees and costs under 35 U.S.C. § 285; and

(d) 7-Eleven be awarded any such other and further relief as is just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Adam V. Floyd
Avelyn M. Ross
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
TEL: (512) 542-8400
FAX: (512) 542-8612

Dated: June 21, 2006

737992

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel: (302) 984-6000
    Fax: (302) 658-1192
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*IYG Holding Co., 7-Eleven, Inc.*
*and VCom Financial Services, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 21, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Arthur G. Connolly, III
James M. Lennon
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

I hereby certify that on June 21, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Joseph S. Littenberg
Stephen F. Roth
Kevin M. Kocun
Lerner, David, Littenberg,
    Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ  07090-1497
jlittenberg@ldlkm.com
sroth@ldlkm.com
kkocun@ldlkm.com

By:    /s/ David E. Moore
           Richard L. Horwitz
           David E. Moore
           Potter Anderson & Corroon LLP
           Hercules Plaza, 6th Floor
           1313 N. Market Street
           Wilmington, DE  19899-0951
           (302) 984-6000
           rhorwitz@potteranderson.com
           dmoore@potteranderson.com

737994