

**Fox Rothschild LLP**
ATTORNEYS AT LAW

Citizens Bank Center, Suite 1300
919 North Market Street
P.O. Box 2323
Wilmington, DE 19899-2323
Tel 302.654.7444  Fax 302.656.8920
www.foxrothschild.com


Gregory B. Williams
Direct Dial: (302)622-4211
Email Address: gwilliams@foxrothschild.com


December 13, 2006

**VIA CM/ECF**

The Honorable Sue L. Robinson, Chief Judge
United States District Court
 for the District of Delaware
844 North King Street, Room 4209
Lock Box 18
Wilmington, Delaware 19801

Re:   **Transaction Holdings Ltd., LLC v. IYG Holding Co., et al.**
      **U.S.D.C., D.Del., C.A. No. 06-43**

Dear Judge Robinson:

　　We respectfully submit the joint proposed Scheduling Order of the parties in this matter. Although the parties were able to resolve most of their disputes with respect to scheduling, there are still a few matters of contention that the Court will need to address with the parties during tomorrow's teleconference.

　　Thank you for your consideration of this matter.

Respectfully,

*/s/ Gregory B. Williams/*

Gregory B. Williams

GBW:bjr
Encl.
cc:   David Ellis Moore, Esquire (w/encl.) (via CM/ECF)
      Eric Lobenfeld, Esquire (w/encl.) (via CM/ECF)
      Gerard P. Norton, Esquire (w/encl.)
      Jonathan R. Lagarenne, Esquire (w/encl.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRANSACTION HOLDINGS LTD. LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> IYG HOLDING CO., 7-ELEVEN, INC., ) <br> and VCOM FINANCIAL SERVICES, INC., ) <br> ) <br> Defendants. ) | Civil Action No. 06-43 (SLR) |

## SCHEDULING ORDER

At Wilmington this ___ day of _____ 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that[1]:

1. **PRE-DISCOVERY DISCLOSURES.** The parties will exchange by Thursday, December 21, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **DISCOVERY.**

   (a) Discovery will be needed on the following subjects: infringement of the patent-in-suit; validity of the patent-in-suit; willful infringement of the patent-in-suit; and damages.

---

[1] Defendants will request that the Court bifurcate liability and damages. Plaintiff does not consent to bifurcation of this matter. The proposed schedule does not reflect a bifurcated case.

(b) All fact discovery shall be commenced in time to be completed by Friday, December 14, 2007.

(1) Document production shall be completed on or before Friday, October 19, 2007.

(2) Maximum of 50 interrogatories by each party to any other party, including all subparts.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 100 hours for fact depositions per side, with the provision that plaintiff Transaction Holdings Ltd. LLC counts as one side and defendants IYG Holding Co., 7-Eleven, Inc., and VCom Financial Services, Inc.,[**Defendants Propose:** "and non-party, product manufacturer NCR Corporation"] count as one side. Each deposition day shall be limited to a maximum of 7 hours unless extended by agreement of the parties. Depositions of third party witness shall not count against the deposition hours limit.

(c) Expert discovery shall be commenced in time to be completed by Friday, March 14, 2008.

(1) Expert reports on issues for which the parties have the burden of proof due Friday, January 18, 2008. Rebuttal expert reports due Friday, February 15, 2007.

(2) No limit on number. (*See* D.Del.L.R. 26.1(b).) Expert depositions to be limited to a maximum of 14 hours unless extended by agreement of the parties. No expert witness may be deposed for more than seven hours in a single day, irrespective of the number of reports submitted by the discovery.

(3) All Daubert motions shall be filed on or before Tuesday, March 21, 2008.

(d) Supplementations under Rule 26(e) due until the close of all discovery.

(f) **Discovery Disputes.**

(1) The court shall conduct in-person discovery status conferences on Friday, September 21, 2007, from _____ m. to _____ m., and on _____, from _____ m. to _____ m., the time to be allocated equally among the parties.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(f) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness, who has previously

3

been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such depositions shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown. The parties reserve the right to supplement this list up to three months prior to the trial date.

    3.    **JOINDER OF OTHER PARTIES AND AMENDMENT OF PLEADINGS.** All motions to join other parties and amend the pleadings shall be filed on or before <u>Friday, October 26, 2007</u>.

    4.    **SETTLEMENT CONFERENCE.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

    5.    **CLAIM CONSTRUCTION ISSUE IDENTIFICATION.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on <u>Friday, March 21, 2008</u>, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.  **CLAIM CONSTRUCTION.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs form the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on Friday, April 4, 2008, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on Friday, April 4, 2008. Simultaneous response briefs should be filed by Friday, April 19, 2008. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction will be conducted on Friday, April 25, 2008 at ____ m.

7.  **SUMMARY JUDGMENT MOTIONS.** **Plaintiff proposes** that all summary judgment motions shall be served and filed with an opening brief and accompanying affidavits on or before Friday, May 8, 2008. **Defendants propose** that all summary judgment motions shall be served and filed with an opening brief and accompanying affidavits on or before Friday, April 4, 2008, the day opening claim construction briefs are due. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be field more than **ten (10)** days from the above date without leave of the court.

8.  **APPLICATIONS BY MOTION.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.**

5

(a) **Any** non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed form to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **MOTIONS IN LIMINE.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **PRETRIAL CONFERENCE.** A pretrial conference will be held on Friday, June 13, 2008 at ____ m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **TRIAL.** This matter is scheduled for a two-week jury trial commencing on Monday, July [7], 2008 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE

Date: _____