

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302  984-6147 Direct Phone
302  658-1192 Fax

March 15, 2011

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3568

> **Re:   Automated Transactions LLC v. 7-Eleven, Inc. et al.**
> **C.A. No. 6-43-SLR-LPS**

Dear Judge Robinson:

We represent the Defendants in the above-referenced action, and write with respect to the Court's Memorandum Order on Claim Construction ("the Order") (D.I. 228), dated March 9, 2011. In reviewing the Order, Defendants realized that it contains a clerical error. Specifically, although the Order states that it relates to "the disputed claim language of the patents in suit," the Order identifies only a single patent, U.S. Patent No. 7,369,858, a patent which was not asserted in this case.

Further, because the Court's summary judgment decision specifically states that "plaintiff's prosecution disclaimer in the '457 patent requires 'an Internet interface' to be construed the same way throughout the remaining patents in suit" (D.I. 229 at 14), and similarly relies on the Court's construction of the term "Internet" in finding noninfringement of all the asserted claims (*Id.* at 15), Defendants believe that the Court intended to list in the Order all of the patents in suit.

Defendants tried to reach agreement with plaintiff ATL to jointly request that the Order be corrected to delete the inapposite patent and to instead list all the patents in suit. Although ATL agrees that there is a clerical error, ATL told us this morning (after originally opposing our request) that "Judge Robinson should make whatever correction she deems necessary." Given the specific reference in the Order to "patents-in-suit" (plural) and the fact that the summary judgment of noninfringement was as to all asserted patents, Defendants respectfully request the Court to amend the Order to include all the patents-in-suit, in accordance with the enclosed marked-up copy of the Order.

The Honorable Sue L. Robinson
March 15, 2011
Page 2

Respectfully,

/s/ David E. Moore

David E. Moore

DEM/msb
1004960/30232

Enclosure
cc:    Clerk of the Court (via hand delivery) (w/enc.)
       Counsel of Record (via electronic mail) (w/enc.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AUTOMATED TRANSACTIONS LLC,   )
   )
      Plaintiff,   )
   )
      v.   )  Civ. No. 06-043-SLR
   )
IYG HOLDING CO., 7-ELEVEN, INC.,   )
VCOM FINANCIAL SERVICES, INC.   )
and CARDTRONICS USA, INC.,   )
   )
      Defendants.   )

### MEMORANDUM ORDER

At Wilmington this 9th day of March, 2011, having heard oral argument on, and

having reviewed the papers submitted in connection with, the parties' proposed claim

construction;

IT IS ORDERED that the disputed claim language of the patents in suit, U.S.

Patent No. 7,369,858 ("the '858 patent"), as identified by the above referenced parties,

shall be construed consistent with the tenets of claim construction set forth by the

United States Court of Appeals for the Federal Circuit in *Phillips v. AWH Corp.*, 415

F.3d 1303 (Fed. Cir. 2005), as follows:

1. "**Internet**" is a public network that is logically linked together by a globally

unique address space. This definition is consistent with the understanding of one of

skill in the art at the time of invention. (D.I. 204, J.A. 17 at ¶ 48)

Patent Nos. 6,945,457 ("the '457 patent"), 7,571,850
("the '850 patent"), 7,575,158 ("the '158 patent"), 7,591,420
("the '420 patent"), and 7,600,677 ("the '677 patent")

2. **"An Internet interface"** is access to the Internet.  ('457 patent, col. 2:1-3)

This is also the construction required by plaintiff's prosecution disclaimer.  (D.I. 204, JA 7 at 145)

_____
United States District Judge