IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE:  AUTOMATED TRANSACTIONS LLC PATENT LITIGATION | ) ) ) | MDL No. 13-2429 (SLR) |
| AUTOMATED TRANSACTIONS LLC, | ) ) | |
| Plaintiff-Counterclaim Defendant, | ) ) ) | C.A. No. 06-043 (SLR) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| 7-ELEVEN, INC. and CARDTRONIC USA, INC., | ) ) ) ) | |
| Defendants-Counterclaimants. | ) | |

**ANSWER TO FOURTH AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND COUNTERCLAIMS
OF DEFENDANTS 7-ELEVEN, INC. AND CARDTRONICS USA, INC.**

Defendants 7-Eleven, Inc. ("7-Eleven") and Cardtronics USA, Inc. ("Cardtronics USA") (together, "Defendants"), as and for their Answer to Plaintiff Automated Transactions LLC's ("ATL") Fourth Amended Complaint ("Fourth Amended Complaint", D.I. 285-1), by their attorneys, allege as follows.

## NATURE OF THE SUIT

Defendants deny that they have violated United States Patent Law, or have infringed any one of United States Patent Nos. 7,571,850; 7,591,420; 7,575,158; 7,597,248; 7,600,677; 7,699,220; 7,597,251; 7,617,973; 7,621,444; 7,793,830; 7,802,718; 7,837,101; 8,132,714; or 8,132,715.

## THE PARTIES

1.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Fourth Amended Complaint.

2.        Defendants admit the allegations contained in paragraph 2 of the Fourth Amended Complaint.

3.        Defendants admit the allegations contained in paragraph 3 of the Fourth Amended Complaint as to Cardtronics USA only.  Defendants deny the allegations contained in paragraph 3 of the Fourth Amended Complaint as to 7-Eleven.

4.        Defendants deny the allegations contained in paragraph 4 of the Fourth Amended Complaint, and aver that, in or about July 2007, Cardtronics USA acquired the automated teller machine business in the United States from 7-Eleven.

## JURISDICTION AND VENUE

5.        Defendants admit that this action purports to arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, but deny any wrongdoing or liability.  Defendants admit that this Court has subject matter jurisdiction over ATL's claims under 28 U.S.C. § 1338(a).

6.        Defendants deny the allegations contained in paragraph 6 of the Fourth Amended Complaint, except admit that 7-Eleven and Cardtronics USA engage in marketing and sales of certain products and services in the United States.

7.        Defendants admit the allegations contained in paragraph 7 of the Fourth Amended Complaint.

8.        Defendants deny the allegations contained in paragraph 8 of the Fourth Amended Complaint, except admit that this Court has personal jurisdiction over 7-Eleven and Cardtronics USA for purposes of this action only.

## FIRST CLAIM FOR RELIEF
### Alleged Patent Infringement

9.        Defendants deny the allegations contained in paragraph 9 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,571,850

(the "'850 patent") was duly and lawfully issued based upon an application filed by the inventor, David M. Barcelou; except admit that the '850 patent is entitled "Automated Transaction Machine" and, according to the first page of that patent, issued on August 11, 2009.  Defendants admit that a copy of what, on its face, appears to be the '850 patent, is attached as Exhibit A to the Fourth Amended Complaint.

10.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Fourth Amended Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the Fourth Amended Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the Fourth Amended Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the Fourth Amended Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Fourth Amended Complaint.

## SECOND CLAIM FOR RELIEF
### Alleged Patent Infringement

15.     Defendants deny the allegations contained in paragraph 15 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,591,420 (the "'420 patent") was duly and lawfully issued on August 11, 2009 based upon an application filed by the inventor, David M. Barcelou; except admit that the '420 patent is entitled "Automated Transaction Machine".  Defendants admit that a copy of what, on its face, appears to be the '420 patent, is attached as Exhibit B to the Fourth Amended Complaint, and that the '420 patent appears to have been issued on September 22, 2009.

16.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Fourth Amended Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Fourth Amended Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Fourth Amended Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Fourth Amended Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Fourth Amended Complaint.

## THIRD CLAIM FOR RELIEF
### Alleged Patent Infringement

21.     Defendants understand paragraph 21 of the complaint to refer to U.S. Patent No. 7,575,158, and not U.S. Patent No. 7,591,158.  Accordingly, Defendants deny the allegations contained in paragraph 21 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,575,158 (the "'158 patent") was duly and lawfully issued based upon an application filed by the inventor, David M. Barcelou; except admit that the '158 patent is entitled "Automated Transaction Machine" and, according to the first page of that patent, issued on August 18, 2009.  Defendants admit that a copy of what, on its face, appears to be the '158 patent, is attached as Exhibit C to the Fourth Amended Complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Fourth Amended Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Fourth Amended Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Fourth Amended Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Fourth Amended Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Fourth Amended Complaint.

## FOURTH CLAIM FOR RELIEF
### Alleged Patent Infringement

27.     Defendants deny the allegations contained in paragraph 27 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,597,248 (the "'248 patent") was duly and lawfully issued based upon an application filed by the inventor, David M. Barcelou; except admit that the '248 patent is entitled "Automated Transaction Machine" and, according to the first page of that patent, issued on October 6, 2009.  Defendants admit that a copy of what, on its face, appears to be the '248 patent, is attached as Exhibit D to the Fourth Amended Complaint.

28.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Fourth Amended Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Fourth Amended Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Fourth Amended Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Fourth Amended Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Fourth Amended Complaint.

## FIFTH CLAIM FOR RELIEF
### Alleged Patent Infringement

33.     Defendants deny the allegations contained in paragraph 33 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,600,677 (the "'677 patent") was duly and lawfully issued based upon an application filed by the inventor, David M. Barcelou; except admit that the '677 patent is entitled "Automated Transaction Machine" and, according to the first page of that patent, issued on October 13, 2009.  Defendants admit that a copy of what, on its face, appears to be the '677 patent, is attached as Exhibit E to the Fourth Amended Complaint.

34.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Fourth Amended Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Fourth Amended Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Fourth Amended Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Fourth Amended Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Fourth Amended Complaint.

## SIXTH CLAIM FOR RELIEF
### Alleged Patent Infringement

39.     Defendants deny the allegations contained in paragraph 39 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,699,220 (the "'220 patent") was duly and lawfully issued based upon an application filed by the inventor, David M. Barcelou; except admit that the '220 patent is entitled "Automated Transaction Machine" and, according to the first page of that patent, issued on April 20, 2010.  Defendants admit that a copy of what, on its face, appears to be the '220 patent, is attached as Exhibit F to the Fourth Amended Complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Fourth Amended Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Fourth Amended Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Fourth Amended Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Fourth Amended Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Fourth Amended Complaint.

## SEVENTH CLAIM FOR RELIEF
### Alleged Patent Infringement

45.     Defendants deny the allegations contained in paragraph 45 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,597,251 (the "'251 patent") was duly and legally issued to David M. Barcelou; except admit that, according to the first page of that patent, it issued on October 6, 2009.  Defendants admit that a

copy of what, on its face, appears to be the '251 patent, is attached as Exhibit G to the Fourth Amended Complaint.

46.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Fourth Amended Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Fourth Amended Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Fourth Amended Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Fourth Amended Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Fourth Amended Complaint.

**EIGHTH CLAIM FOR RELIEF**
**Alleged Patent Infringement**

51.     Defendants deny the allegations contained in paragraph 51 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,617,973 (the "'973 patent") was duly and legally issued to David M. Barcelou; except admit that, according to the first page of that patent, it issued on November 17, 2009.  Defendants admit that a copy of what, on its face, appears to be the '973 patent, is attached as Exhibit H to the Fourth Amended Complaint.

52.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Fourth Amended Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Fourth Amended Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Fourth Amended Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Fourth Amended Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Fourth Amended Complaint.

## NINTH CLAIM FOR RELIEF
### Alleged Patent Infringement

57.     Defendants deny the allegations contained in paragraph 57 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,621,444 (the "'444 patent") was duly and legally issued to David M. Barcelou; except admit that, according to the first page of that patent, it issued on November 24, 2009.  Defendants admit that a copy of what, on its face, appears to be the '444 patent, is attached as Exhibit I to the Fourth Amended Complaint.

58.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Fourth Amended Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Fourth Amended Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Fourth Amended Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Fourth Amended Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Fourth Amended Complaint.

## TENTH CLAIM FOR RELIEF
### Alleged Patent Infringement

63.     Defendants deny the allegations contained in paragraph 63 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,793,830 (the "'830 patent") was duly and legally issued to David M. Barcelou; except admit that, according to the first page of that patent, it issued on September 14, 2010.  Defendants admit that a copy of what, on its face, appears to be the '830 patent, is attached as Exhibit J to the Fourth Amended Complaint.

64.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Fourth Amended Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Fourth Amended Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Fourth Amended Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Fourth Amended Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Fourth Amended Complaint.

## ELEVENTH CLAIM FOR RELIEF
### Alleged Patent Infringement

69.     Defendants deny the allegations contained in paragraph 69 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,802,718 (the "'718 patent") was duly and legally issued to David M. Barcelou; except admit that, according to the first page of that patent, it issued on September 28, 2010.  Defendants admit that

a copy of what, on its face, appears to be the '718 patent, is attached as Exhibit K to the Fourth Amended Complaint.

70.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70 of the Fourth Amended Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Fourth Amended Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Fourth Amended Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Fourth Amended Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Fourth Amended Complaint.

## TWELFTH CLAIM FOR RELIEF
### Alleged Patent Infringement

75.     Defendants deny the allegations contained in paragraph 75 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 7,837,101 (the "'101 patent") was duly and legally issued to David M. Barcelou; except admit that, according to the first page of that patent, it issued on November 23, 2010.  Defendants admit that a copy of what, on its face, appears to be the '101 patent, is attached as Exhibit L to the Fourth Amended Complaint.

76.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the Fourth Amended Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Fourth Amended Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Fourth Amended Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Fourth Amended Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Fourth Amended Complaint.

## THIRTEENTH CLAIM FOR RELIEF
### Alleged Patent Infringement

81.     Defendants deny the allegations contained in paragraph 81 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 8,132,714 (the "'714 patent") was duly and legally issued to David M. Barcelou; except admit that, according to the first page of that patent, it issued on March 13, 2012.  Defendants admit that a copy of what, on its face, appears to be the '714 patent, is attached as Exhibit M to the Fourth Amended Complaint.

82.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82 of the Fourth Amended Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Fourth Amended Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Fourth Amended Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Fourth Amended Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Fourth Amended Complaint.

## FOURTEENTH CLAIM FOR RELIEF
### Alleged Patent Infringement

87.     Defendants deny the allegations contained in paragraph 87 of the Fourth Amended Complaint, including, without limitation, the allegation that U.S. Patent No. 8,132,715 (the "'715 patent") was duly and legally issued to David M. Barcelou; except admit that, according to the first page of that patent, it issued on March 13, 2012.  Defendants admit that a copy of what, on its face, appears to be the '715 patent, is attached as Exhibit N to the Fourth Amended Complaint.

88.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 88 of the Fourth Amended Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Fourth Amended Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Fourth Amended Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Fourth Amended Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Fourth Amended Complaint.

## GENERAL DENIAL

93.     Defendants deny each and every other allegation contained in the Fourth Amended Complaint not heretofore expressly admitted.

## JURY DEMAND

94.     Defendants demand a trial by jury as to all issues so triable in the action.

## **AFFIRMATIVE DEFENSES**

95.     In addition to the defenses set forth below, Defendants expressly reserve the right to allege additional defenses, including, without limitation, inequitable conduct, as they become known throughout the course of discovery.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Invalidity and Unenforceability)**

96.     On information and belief, the '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 patents are invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of United States Code, §§ 101 *et seq.*, including sections 101, 102, 103, and/or 112, and applicable case law.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Noninfringement)**

97.     Defendants have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 patents.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Limitation On Recovery)**

98.     ATL's claims for recovery are limited pursuant to 35 U.S. C. § 286.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(Failure to Mark or Give Notice)**

99.     On information and belief, ATL did not comply with the requirements of 35 U.S.C. § 287.

100.    ATL's claims are limited pursuant to 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

101.    The Fourth Amended Complaint fails to state a claim against Defendants upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

102.    ATL is estopped from construing the claims of the '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 patents to read on Defendants' products or processes by reasons of statements made to the U.S. Patent and Trademark Office during (1) prosecution of the applications that led to the issuance of the '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 patents, and including parent applications, (2) the reexamination of U.S. Patent No. 6,945,457 (the "'457 patent"), and/or (3) the prosecution of any non-asserted patents and patent applications which claim priority to the '457 patent.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

103.    ATL's claims are barred by the doctrines of prosecution laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack Of Standing)

104.    ATL's claims are barred on the ground that it lacks standing to bring this suit.

## NINTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, Acquiescence, and Estoppel)

105.    ATL's claims are barred by the doctrines of laches, waiver, acquiescence, and estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (*Res Judicata* As To Certain Patents)

106.    There has been a final judgment that the '850, '420, '158, and '677 patents (the "Litigated Patents") are not infringed by Defendants' automated teller machines ("ATM's") or processes relating thereto.

107.    ATL's claims of infringement are barred under the doctrine of *res judicata* as to the Litigated Patents as a result of that final judgment of noninfringement in this Court, and subsequent affirmance by the United States Court of Appeals for the Federal Circuit (the "Final Judgment").

## ELEVENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

108.    ATL is collaterally estopped from bringing claims of infringement for the Litigated Patents as a result of the Final Judgment.

109.    On information and belief, the '220, '830, and '718 patents are continuations of the '457 patent, and include, *inter alia*, the same limitation held not to infringe the '457 patent and the Litigated Patents.

110.    ATL is collaterally estopped from bringing claims of infringement for the '220, '830, and '718 patents against Defendants' ATM's as a result of the Final Judgment.

## TWELFTH AFFIRMATIVE DEFENSE
### (Obviousness-Type Double Patenting)

111.    To the extent not terminally disclaimed, the '251, '677, '973, '444, and '101 patents are invalid under the doctrine of obviousness-type double patenting.

16

## DEFENDANTS' COUNTERCLAIMS
## FOR DECLARATORY JUDGMENT AGAINST PLAINTIFF

Defendants and Counterclaimants 7-Eleven, Inc. and Cardtronics USA, Inc. ("Defendants"), by their undersigned attorneys, as and for their Counterclaims against Plaintiff and Counterclaim Defendant Automated Transactions LLC ("ATL"), allege as follows:

### SUMMARY OF COUNTERCLAIMS

112.    Defendants assert patent counterclaims seeking, *inter alia*, a declaratory judgment that ATL's asserted patents are invalid and not infringed by Defendants.

### JURISDICTION AND VENUE

113.    This action involves patent counterclaims arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 (the "Counterclaims").

114.    This Court has jurisdiction over Defendants' Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a).

115.    Based upon the assertions contained on the first page of the Fourth Amended Complaint that ATL is "a limited liability company organized and existing under the laws of the State of Delaware," this Court has personal jurisdiction over ATL as a Delaware limited liability company that has already submitted itself to this Court's jurisdiction.

116.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

### PARTIES

117.    Defendant and Counterclaimant 7-Eleven is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 2711 N. Haskel Avenue, Dallas, Texas 75204.

118.    Defendant and Counterclaimant Cardtronics USA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3250 Briarpark Drive, Suite 400, Houston, Texas 77042.

119.    On information and belief, and based on the assertions contained on the first page of the Fourth Amended Complaint, ATL is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 160 Greentree Drive, Suite 101, Kent, Delaware 19904.

### EXISTENCE OF A JUSTICIABLE CONTROVERSY

120.    U.S. Patent No. 7,571,850 (the "'850 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on August 11, 2009.

121.    U.S. Patent No. 7,591,420 (the "'420 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on September 22, 2009.

122.    U.S. Patent No. 7,575,158 (the "'158 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on August 18, 2009.

123.    U.S. Patent No. 7,597,248 (the "'248 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on October 6, 2009.

124.    U.S. Patent No. 7,600,677 (the "'677 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on October 13, 2009.

125.    U.S. Patent No. 7,699,220 (the "'220 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on April 20, 2010.

126.    U.S. Patent No. 7,597,251 (the "'251 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on October 6, 2009.

127.    U.S. Patent No. 7,617,973 (the "'973 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on November 17, 2009.

128.    U.S. Patent No. 7,621,444 (the "'444 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on November 24, 2009.

129.    U.S. Patent No. 7,793,830 (the "'830 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on September 14, 2010.

130.    U.S. Patent No. 7,802,718 (the "'718 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on September 28, 2010.

131.    U.S. Patent No. 7,837,101 (the "'101 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on November 23, 2010.

132.    U.S. Patent No. 8,132,714 (the "'714 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued March 13, 2012.

133.    U.S. Patent No. 8,132,715 (the "'715 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued March 13, 2012.

134.    ATL claims to be the exclusive licensee of the '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 patents.

135.    ATL, by its Fourth Amended Complaint, has brought a lawsuit against 7-Eleven, Inc. and Cardtronics USA, Inc. in this judicial district alleging infringement of the '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 patents.

136.    There exists a justiciable controversy between Defendants and ATL concerning the validity, enforceability and/or infringement of the '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 patents as set forth in the Fourth Amended Complaint filed by ATL.

## FIRST CLAIM FOR RELIEF AGAINST ATL
### (Declaratory Judgment Of Invalidity Of The '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, And '715 Patents)

137.     Defendants repeat and re-allege the allegations contained in paragraphs 112 through 136 of their Counterclaims against ATL as if fully set forth herein.

138.     Defendants are entitled to a declaratory judgment that the claims of the '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 patents are invalid or unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 *et seq.*

## SECOND CLAIM FOR RELIEF AGAINST ATL
### (Declaratory Judgment Of Noninfringement Of The '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 Patents)

139.     Defendants repeat and re-allege the allegations contained in paragraphs 112 through 136 of its Counterclaims against ATL as if fully set forth herein.

140.     Defendants are entitled to a declaratory judgment that they have not infringed, contributed to infringement by others or induced others to infringe, and do not infringe, contribute to infringement by others or induce others to infringe any claim of the '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 patents.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray the Court as follows:

A.     That the Court enter judgment for Defendants against ATL on its Fourth Amended Complaint;

B.     That ATL takes nothing by its Fourth Amended Complaint;

C.     That the Court dismiss each of ATL's claims with prejudice;

     D.      That the Court declare each and every claim of the '850, '420, '158, '248, '677, '220, '251, '973, '444, '830, '718, '101, '714, and '715 patents to be (a) not infringed by Defendants, and (b) invalid and/or unenforceable;

     E.      That, under 35 U.S.C. § 285, the Court deem this to be an exceptional case based upon the conduct of ATL in commencing and pursuing this action, particularly in light of the Final Judgment referenced in paragraph 94, and that the Court award Defendants their "reasonable attorney fees" against ATL;

     F.      That the Court award Defendants their cost of suit; and

     G.      That the Court award Defendants such other and additional relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Regina S.E. Murphy*

Jack B. Blumenfeld (#1014)
Regina S.E. Murphy (#5648)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rmurphy@mnat.com

*Attorneys for Defendants 7-Eleven, Inc. and Cardtronics USA, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY  10022
(212) 918-3000

William Thomashower
Carla Sereny
SCHWARTZ & THOMASHOWER LLP
15 Maiden Lane, Suite 705
New York, NY  10038
(212) 227-4300

October 30, 2013
7737323.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 30, 2013, upon the following in the manner indicated:

Frederick L. Cottrell, III, Esquire                    *VIA ELECTRONIC MAIL*
Kelly E. Farnan. Esquire
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
*Attorneys for Plaintiff Automated*
*Transactions LLC*

Albert L. Jacobs, Jr., Esquire                    *VIA ELECTRONIC MAIL*
Gerrard F. Diebner, Esquire
John Murray, Esquire
TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT, LLP
900 Third Avenue
New York, NY 10022
*Attorneys for Plaintiff Automated*
*Transactions LLC*

                                        */s/ Regina S.E. Murphy*
                                        _____
                                        Regina S. E. Murphy (#5648)